1

2

3

4

5

6

7

8          **UNITED STATES DISTRICT COURT**

9              EASTERN DISTRICT OF CALIFORNIA

10

11  STEWART MANAGO,                        CASE NO. 1:11-cv-02003-AWI-JLT PC

12              Plaintiff,                 FINDINGS AND RECOMMENDATIONS
                                           THAT PLAINTIFF'S APPLICATION TO
13      v.                                 PROCEED IN FORMA PAUPERIS BE
                                           DENIED
14  F. GONZALEZ, et al.,
                                           (Doc. 5)
15              Defendants.

16  _____/

17

18          Plaintiff Stewart Manago, a state prisoner proceeding pro se, filed this civil rights action

19  pursuant to 42 U.S.C. § 1983.  On January 5, 2012, Plaintiff filed a motion to proceed in forma

20  pauperis.  (Doc. 5.)

21  **I.      Plaintiff is not entitled to IFP status pursuant to Section 1915(g)**

22          A review of the record of actions filed by Plaintiff in the United States District Court reveals

23  that Plaintiff filed three or more actions that were dismissed as frivolous, malicious or for failing to

24  state a claim upon which relief may be granted. Section 1915 of Title 28 of the United States Code

25  governs proceedings in forma pauperis. Section 1915(g) provides that:

26          [i]n no event shall a prisoner bring a civil action ... under this section if the prisoner
            has, on 3 or more prior occasions, while incarcerated or detained in any facility,
27          brought an action or appeal in a court of the United States that was dismissed on the
            grounds that it is frivolous, malicious, or fails to state a claim upon which relief may
28          be granted, unless the prisoner is under imminent danger of serious physical injury.

1

1  28 U.S.C. § 1915(g).[1]  Determining whether Plaintiff's actions count as strikes under section 1915(g)

2  requires the Court to conduct a "careful examination of the order dismissing an action, and other

3  relevant information," to determine if, in fact, "the action was dismissed because it was frivolous,

4  malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir.2005).

5         After careful review of the dismissal orders, the Court takes judicial notice that Plaintiff has

6  three prior actions dismissed for being frivolous or for failing to state a claim for which relief can

7  be granted under section 1983.  Those cases are:  (1) 3:90-CV-20256 MHP PC Manago v. Rowland,

8  (N.D. Ca1.) (Dismissed October 9, 1991); (2)  3:94-CV-1528 MHP PC Manago v. Marshall,(N.D.

9  Cal.) (Dismissed March 25, 2998, affirmed on appeal June 21, 2001); and (3) 1:99-CV-5525 REC

10  SMS PC Manago v. Gularte, (E.D. Cal.) (Dismissed March 17, 2000).

11         Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under

12  this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

13  facility, brought an action or appeal in a court of the United States that was dismissed on the grounds

14  that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

15  prisoner is under imminent danger of serious physical injury."  Plaintiff is subject to section 1915(g)

16  and is precluded from proceeding in forma pauperis unless he is, at the time the complaint is filed,

17  under imminent danger of serious physical injury.

18  **II.     The complaint fails to demonstrate Plaintiff is in imminent danger of serious physical**

19  **        injury**

20         Under 28 U.S.C. § 1915(g) a prisoner may be excused from the three strikes provision

21  precluding IFP status if "the prisoner is under imminent danger of serious physical injury."  28

22  U.S.C. § 1915(g).  Plaintiff must demonstrate that he was "under imminent danger of serious

23  physical injury" at the time he filed the complaint.  Andrews v. Cervantes, 493 F.3d 1047, 1053,

24  1055 (9th Cir. 2007) (explaining that the exception to the three-strikes rule applies only "if the

25  complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical

26

27        [1]"This subdivision is commonly known as the ' three strikes' provision. ' Strikes' are prior cases or appeals,
brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious,

28  or fail[ ] to state a claim' are generically referred to as ' strikes.'  Pursuant to § 1915(g), a prisoner with three strikes
or more cannot proceed [in forma pauperis]."  Andrews v. King, 398 F.3d 1113, 1116 n. 1 (9th Cir.2005).

1    injury' at the time of filing").[2]   The Court must determine if: 1) the potential harm amounts to

2    "serious physical injury" and; 2) whether the threat is "imminent." Cervantes, 493 F.3d at 1055–56.

3    Moreover, a prisoner fails to meet the exception where claims of imminent danger are conclusory.

4    Cervantes, 493 F.3d at 1057 n. 11.

5         The Court has reviewed Plaintiff's complaint and finds that Plaintiff does not meet the

6    imminent danger exception.  Cervantes, 493 F.3d at 1053.  Plaintiff's allegations stem from an

7    incident which occurred on September 8, 2009.  (Doc. 1 at 7) Plaintiff alleges that on that date, he

8    was assaulted by other inmates but did not suffer harm.  Id.  However, because he had participated

9    in a "sting operation" that resulted in the firing of a correctional officer, he was targeted for

10   retaliation by other officers.  Id.  Plaintiff contends that after the attack by the inmates, prison staff

11   members reported to the scene of the assault and kicked him in the ribs.  Id.  He claims that, as a

12   result of this second attack, he suffered a broken rib.  Id.

13        He claims that following this, in 2009 and 2010, he was provided inadequate medical care

14   in order to cover up the attack by the prison staff.  (Doc. 1 at 7-12) A month after the assault,

15   Plaintiff claims that he was transferred to California Correctional Institution at Tehachapi, in

16   retaliation for his repeated complaints "to staff and medical staff" apparently related to the attack and

17   the failure to receive medical treatment.  Id. at 8.  Finally, he claims that the investigation into these

18   complaints was "corrupt" and designed to cover up the wrongdoing.  Id. at 12-17.

19        Despite these serious allegations, the complaint does not demonstrate that Plaintiff is in

20   imminent danger of serious physical injury.  (Doc. 1) Though Plaintiff alleges that his rib may have

21   healed improperly (Id. at 16), there is no allegation that this improper healing has placed him in

22   imminent danger of serious physical harm.  Thus, Plaintiff is ineligible to proceed in forma pauperis

23   in this action.

24

25        [2]As the Cervantes Court stated: "[a]lthough no other circuit has specifically addressed post-complaint
     changes in circumstance, all maintain a singular focus on the facts alleged in the complaint in deciding whether a
26   prisoner faced the requisite harm.  See, e.g., Ibrahim v. Dist. of Columbia, 463 F.3d 3, 6 (D.C.Cir. 2006) ("In
     determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint...."); Brown v.
27   Johnson, 387 F.3d 1344, 1350 (11th Cir.2004) ( "[T]he issue [under § 1915(g)] is whether his complaint, as a whole,
     alleges imminent danger of serious physical injury.").  We are in agreement with all of these cases in holding that it
28   is the circumstances at the time of the filing of the complaint that matters for purposes of the "imminent danger"
     exception to § 1915(g)." Cervantes, 493 F.3d at 1053.

1   **III.     Conclusion**

2           Because Plaintiff has, on three prior occasions, brought civil actions that have been dismissed

3   as frivolous or for failure to state a claim and because Plaintiff has not demonstrated facts to support

4   a finding that he is under imminent danger of serious physical injury, the Court **HEREBY**

5   **RECOMMENDS**:

6           1.       Plaintiff's motion for to proceed in forma pauperis be **DENIED**, and;

7           2.       Plaintiff be required to pay the filing fee within 14 days of service of the Court's order

8   adopting these Findings and Recommendations.

9           These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the

11  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

12  21 days after being served with these findings and recommendations, Plaintiff may file written

13  objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

16  1153 (9th Cir. 1991).

17  IT IS SO ORDERED.

18  Dated:  **January 25, 2012**                                    **/s/ Jennifer L. Thurston**
                                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28